NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO PRADO-MENDOZA, | No. 19-72252 |
| Petitioner, | Agency No. A090-189-600 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Alfonso Prado-Mendoza, a native and citizen of Mexico, petitions pro se for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in Mexico and thus

is not entitled to relief from his reinstated removal order. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review an IJ's negative reasonable fear determination for substantial evidence.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).  We deny the petition for review.

Substantial evidence supports the IJ's determination that Prado-Mendoza failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the IJ's determination that Prado-Mendoza failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico.  *See Andrade-Garcia*, 828 F.3d at 836-37 (CAT claim fails where the petitioner is unable to demonstrate torture was or would be inflicted by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity).  In light of this disposition, we do not reach Prado-Mendoza's remaining contention regarding relocation.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We do not consider the materials Prado-Mendoza references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Prado-Mendoza's motion to take judicial notice is denied. *See id*.

Prado-Mendoza's stay of removal raised in Docket Entry No. 24 is denied as moot.

**PETITION FOR REVIEW DENIED.**